IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM BARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| MIDLAND CREDIT MANAGEMENT, INC. and MIDLAND FUNDING, LLC, | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** ) ) ) **(Unlawful Debt Collection Practices)** |
| Defendants. | ) |

## COMPLAINT

WILLIAM BARRETT ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MIDLAND CREDIT MANAGEMENT, INC. AND MIDLAND FUNDING, LLC (collectively "Defendants"):

### INTRODUCTION

1.  Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendants conduct business in the State of Connecticut, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in West Haven, Connecticut 06516.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant Midland Credit Management, Inc. (hereinafter "MCM") is a debt collection company with its headquarters located at 8875 Aero Drive, Suite

200, San Diego, California 92123.

9. MCM collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

10. MCM is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and contacted Plaintiff in its attempts to collect a consumer debt.

11. Defendant Midland Funding, LLC (hereinafter "Midland") is a debt collection company with its headquarters located at 8875 Aero Drive, Suite 200, San Diego, California 92123.

12. Midland is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

13. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. At all relevant times, Defendants were seeking to collect an alleged consumer debt from Plaintiff.

15. The alleged debt, a T-Mobile personal cellular telephone account, arose out of transactions, which were primarily for personal, family, or household

purposes.

16. Beginning before July 2014, MCM continuously and repeatedly contacted Plaintiff on his home and cellular telephones in its attempts to collect the alleged debt.

17. Plaintiff knew it was MCM calling because he has spoken with its collectors, wherein they identified themselves as "Midland Credit Management," and its telephone number appeared on his caller id.

18. Plaintiff disputes owing the alleged debt, as he paid the debt in full to T-Mobile.

19. In August 2014, Plaintiff spoke with MCM and advised that he had paid the debt.

20. Also, Plaintiff told MCM to stop calling him.

21. MCM, however, demanded that Plaintiff send in documentation that the alleged debt had been paid and stated that it collection activities would continue.

22. Further, MCM did not update its records to cease calls to Plaintiff; rather, MCM continued to communicate with Plaintiff, both in writing and over the telephone, in its attempts to collect a debt.

23. Once Plaintiff informed MCM to stop calling, MCM's continued calls to Plaintiff were intended to harass and annoy him, as it knew he wanted all

calls to him to stop.

24. Also, upon information and belief, neither MCM nor Midland contacted T-Mobile to verify Plaintiff's statements that the debt had been paid.

25. Desiring to stop Defendants' collection actions, in November 2014, Plaintiff sent MCM correspondence advising that he had paid the balance and that no debt was owed.

26. Neither MCM nor Midland acknowledged Plaintiff's correspondence; rather, it continued to contact him in their attempts to collect the alleged debt.

27. So harassing were MCM's collection activities that Plaintiff contacted the State of Connecticut's Attorney's General's Office about this matter and as well as he changed his cellular telephone number.

28. The State of Connecticut's Attorney's General's Office sent written correspondence to MCM advising that Plaintiff had paid the alleged debt.

29. Upon information and belief, neither MCM nor Midland investigated Plaintiff's contention that the debt had been paid.

30. Instead, MCM persisted in its collection efforts, sending Plaintiff written correspondence demanding payment of the debt, despite knowing that it had been paid.

31. Most recently, MCM sent written correspondence to Plaintiff on April 1, 2015 and May 13, 2015.

# DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

32. Defendants' conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

   a. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequences of which is to harass, oppress or abuse any person in connection with the collection of a debt.

   b. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

   c. Defendants violated §§ 1692d and 1692d(5) of the FDCPA when they called continued to call and correspond with Plaintiff after having been told to stop calling him and that the debt had been paid.

## COUNT II

33. Defendants' conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692e and 1692e(2)(A).

    a.    A debt collector violates § 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

    b.    A debt collector violates §1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of any debt.

    c.    Here, Defendants violated §§1692e and 1692e(2)(A) of the FDCPA by falsely representing the amount of debt, in that Plaintiff had paid the debt to T-Mobile and no debt was owed.

## COUNT III

33. Defendants' conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692f and 1692f(1).

    a.    A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    b.    A debt collector violates § 1692f(1) of the FDCPA by collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

  c. Here, Defendants violated §§ 1692f and 1692f(1) of the FDCPA engaging in other unfair and unconscionable debt collection practices, including failing to update its records to stop calling Plaintiff, after being informed to stop calling; failing to investigate Plaintiff's dispute of debt the debt; and collecting an amount not authorized by the agreement, as Plaintiff had paid the debt.

WHEREFORE, Plaintiff, WILLIAM BARRETT, respectfully prays for a judgment as follows:

  a. All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

  b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

  d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, WILLIAM BARRETT, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

                          RESPECTFULLY SUBMITTED,

                          */s/ Angela K. Troccoli*____  
                          Angela K. Troccoli, Esquire, #18539  
                          Kimmel & Silverman, P.C.  
                          *The New England Office*  
                          136 Main Street, Suite 301  
                          Danielson, CT 06239  
                          (860) 866-4380  
                          atroccoli@creditlaw.com

DATED: 06-25-15

PLAINTIFF'S COMPLAINT